IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**RICHARD WANDELL, JR.,**

        Petitioner,

v.                                **Civil Action No. 3:18-CV-128 (GROH)**

**FREDERICK ENTZEL, Warden,**

        Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On August 10, 2018, the *pro se* Petitioner, a federal inmate,[1] filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("the Petition"), challenging the validity of his sentence imposed by the District Court for the District of New Jersey, Newark Division. ECF No. 1.[2] Attached to the petition was a four-page, typewritten memorandum of law in support thereof. ECF No. 1-1.

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to Local Rules of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

---

[1] Petitioner filed the instant Petition while housed at Federal Correctional Institution ("FCI") Hazelton, and has subsequently been transferred to FCI Ray Brook. ECF Nos. 1, 11.

[2] ECF Numbers cited herein refer to Case No. 3:18-CV-128, unless otherwise noted.

## II. **FACTUAL AND PROCEDURAL HISTORY**[3]

### A.   **Conviction and Sentence**

On April 22, 2015, in the United States District Court for the District of New Jersey, Newark Division, a Criminal Complaint was returned against Petitioner in Case No. 2:15-CR-491.  ECF No. 1.  On September 22, 2015, a two-count Information[4] was filed against Petitioner [ECF No. 9] and on that same day, pursuant to a written plea agreement, Petitioner entered a guilty plea to two counts of Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and 2, as charged in Counts 1 and 2 of the Information.  ECF No. 13.

On June 30, 2016, Petitioner was sentenced to "a term of 155 months, on each of counts 1 and 2, all counts to be served concurrently."  ECF No. 15 at 2.  Consistent with the terms of paragraph 14 of Schedule A of the plea agreement filed with the court, Petitioner was sentenced as "a Career Offender, as defined in U.S.S.G. § 4B1.1."  ECF No. 13 at 8.

### B.   **Direct Appeal**

A review of PACER and the Petition show that Petitioner did not directly appeal his conviction or sentence.  ECF No. 1 at 3.

### C.   **Motions to Vacate, Appeals Thereof, and Other Motions for Relief**

---

[3] The facts in Sections II.A. and II.C. are taken from the Petitioner's criminal Case No. 2:15-CR-491 in the United States District Court for the District of New Jersey, Newark Division, available on PACER.  Unless otherwise noted, the ECF entries refer to that criminal case.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[4] Petitioner waived prosecution by Indictment and consented that his case proceed by Information.  ECF No. 10.

On March 12, 2018, Petitioner filed a Petition for a Writ of *Audita Querela* Pursuant to 28 U.S.C § 1651, the All Writs Act, "challeng[ing] the application of the Career Offender[5] enhancement, U.S.S.G. § 4B1.1, to his sentence." ECF Nos. 17, 18 at 1.  The New Jersey District Court, Newark Division, denied Petitioner's § 1651 Motion, reasoning that his "claims [were] cognizable under 28 U.S.C. § 2255." ECF No. 18 at 2.  In that same order, the court noted that "Petitioner may seek further relief by filing a proper motion pursuant to 28 U.S.C. § 2255," and further ordered that "Petitioner's next motion for relief, should he choose to file one, shall not be dismissed as a second or successive motion under § 2255(h)." ECF No. 18 at 2–3.

A review of PACER and the Petition[6] show that Petitioner did not file a § 2255 Motion, or any other post-conviction motions for relief thereafter, aside from the instant Petition.

### III. LEGAL STANDARD

#### A.   Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b)

---

[5] Petitioner asserts that he was sentenced with a Career Offender enhancement, but the undersigned was unable to confirm this based from the record available on PACER.
[6] N.D. W. Va., Case No. 3:18-CV-128, ECF No. 1 at 3.

Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B.    *Pro Se* Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

C. **Post-Conviction Remedies and Relief**

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

4

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[8] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[8] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[9] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>. <u>See</u> <u>United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018); <u>In re Jones</u>, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

---

> d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[9] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

6

> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

### IV. ANALYSIS

In support of the instant § 2241 Motion before this Court, Petitioner asserts that his sentence[10] under the post-Booker[11] advisory United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") "is a fundamental defect, because Bank Robbery is not a crime of violence for purposes of [designation as a] Career Offender." ECF No. 1 at 5. Petitioner argues that because bank robbery "can be accomplished through extortion,

---

[10] While Petitioner requests relief in the form of "vacatur[ ] of [his] sentence and/or conviction," Petitioner does not challenge or make arguments about his conviction. ECF No. 1 at 8. Thus, this Court has not performed a Jones analysis given the lack of challenge to conviction. Even if Petitioner were challenging his conviction, he can not meet second prong of the Jones test, which requires that "subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." In re Jones, 226 F.3d at 333–334. The conduct for which Petitioner was convicted—Bank Robbery—is still criminal.

[11] United States v. Booker, 543 U.S. 220 (2005).

7

and extortion does not require the use, attempted use, or threat of force," it "is not a crime of violence . . . [and he] should not have been subjected to the career offender enhancement." Id. Further, he claims that his plea was unconstitutional because he "would not have entered into [the] plea" if he had known he was not a career offender. Id. at 5–6.

As stated above, the undersigned notes that Petitioner did not file a direct appeal or a motion pursuant to § 2255.[12] The instant § 2241 Petition appears to be Petitioner's first post-conviction proceeding. Petitioner claims he is entitled to relief through "the Savings Clause of § 2255(e), pursuant to the Fourth Circuit's decision in United States v. Wheeler." ECF No. 1-1 at 1. However, to invoke the savings clause under § 2255(e) in order to challenge a sentence, a prisoner must demonstrate that relief pursuant to § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255. In the instant matter, relief pursuant to § 2255 is not "inadequate or ineffective" in this case for several reasons.

First, relief pursuant to § 2255 is not "inadequate or ineffective" in Petitioner's case simply because he "was unable to present a § 2255 motion based on [his] plea agreement." ECF No 1 at 9. As part of his plea agreement, Petitioner waived his right to challenge his conviction directly or by way of collateral attack. See N.J., Case No. 2:15-CR-491, ECF No. 13 at 4. A "§ 2255 motion must be inadequate or ineffective to test the legality of Petitioner's detention for reasons other than procedural waiver." Mahoney v. Francis, Case No. 2:05-CV-134, 2006 U.S. Dist. LEXIS 71465, at *2 (N.D. W. Va. Sept. 29, 2006) (citing In re Vial, 115 F.3d at 1194). In evaluating a petitioner's § 2255 claims by way of a § 2241, this Court previously held that not only did a petitioner not

---

[12] Petitioner states that he "was unable to present a § 2255 motion based on [his] plea agreement." ECF No. 1 at 9; see N.J., Case No. 2:15-CR-491, ECF No. 13 at 4.

8

demonstrate that § 2255 [was] an inadequate or ineffective remedy and . . . improperly filed a § 2241 petition," but further that his "claims [were] also precluded by the waiver of collateral attack contained within his plea agreement." Triplett v. Deboo, Case No. 5:12-CV-140, 2012 U.S. Dist. LEXIS 189733 (N.D. W. Va. Nov. 14, 2012), adopted by 2014 U.S. Dist. LEXIS 7834 (N.D. W. Va. Jan. 22, 2014).

The undersigned finds that Petitioner's waiver of rights was valid and enforceable against him. The Fourth Circuit has held that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is 'the result of a knowing and intelligent decision to forgo the right to appeal.'" United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994) (quoting United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991)). The Fourth Circuit further wrote that whether a waiver is knowing and intelligent, "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)). However, the Fourth Circuit found that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review on certain limited grounds. Id. at 732. The Court recognized that a defendant, "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. (quoting U.S. v. Marin, 961 F.2d 493 (4th Cir. 1992)). Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned

9

on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations." Id.

The Fourth Circuit has also held there is, "no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." United States v. Lemaster, 403 F.3d 216, n. 2 (4th Cir. 2012). Therefore, a waiver of the right to collaterally attack a sentence is valid as long as the waiver is knowing and voluntary. Id. When reviewing a claim in a case where there is a waiver of collateral-attack rights in a plea agreement, a court must first determine whether there is valid waiver which:

> [D]epends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy—specifically, whether the district court questioned the defendant about the appeal waiver—the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted).[13] Thus, if a reviewing court finds that the waiver of rights was valid, any collateral attack is barred by the waiver, provided that a plaintiff may still pursue a collateral attack or appeal related to imposition of an illegal sentence or plea proceedings conducted in violation of the Constitution.[14]

---

[13] The unpublished decision United States v. Morris, No. 07-4223, slip op. (4th Cir. Sept. 13, 2007) suggests that when a court conducted a thorough Rule 11 colloquy and the defendant specifically mentioned he waived the right to appeal any sentence below the statutory maximum, the record thereby established that defendant made a knowing and voluntary waiver of rights.

[14] Petitioner asserts that his "plea is unconstitutional." ECF No. 1 at 5. Petitioner supports that assertion by arguing that it he "would not have entered into [the] plea" had it not been for "counsel and the court advising [him] that [he] was a career offender." Id. at 6. The undersigned makes no recommendation as to this argument because this Court lacks subject-matter jurisdiction and does not consider Petitioner's claims on their merits.

Petitioner's plea entry occurred on September 22, 2015. N.J., Case No. 2:15-CR-491, ECF Nos. 11–13. The record shows an Application for Permission to Enter Plea of Guilty, which contains information similar to that contained in a Rule 11 colloquy and is also identified as a "Rule 11 form" [ECF No. 11]. ECF No. 12. This application is signed by the Petitioner and his counsel, and it states that Petitioner "underst[ood] that [his] plea agreement PROVIDE[D] that under certain circumstances [he had] waived [his] right to appeal or collaterally attack the sentence imposed in this case." ECF No. 12 at 6. Because Petitioner's plea agreement[15] specifically states that he "voluntarily waive[d], the right to file . . . any collateral attack . . . including but not limited to . . . a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines Offense Level of 29," [ECF No. 13 at 9] the instant Petition should be denied based on that waiver.

In sum, Petitioner has not demonstrated that a § 2255 is "inadequate or ineffective." Petitioner has therefore not satisfied the § 2255(e) savings clause, and his claim for relief may not be considered on the merits because this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

---

[15] The undersigned notes that while the Application for Permission to Enter Plea of Guilty was signed "in open court" by both Petitioner and his counsel on September 22, 2015, [N.J., Case No. 2:15-CR-491, ECF No. 12 at 7, 8] the plea agreement filed on that same date is not signed by either. N.J., Case No. 2:15-CR-491, ECF No. 13 at 6.

11

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 19, 2019

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE