# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**RICHARD WANDELL, JR.,**

    Petitioner,

**v.**          **CIVIL ACTION NO.: 3:18-CV-128 (GROH)**

**FREDERICK ENTZEL,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 13] on July 19, 2019. Therein, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed without prejudice.

### I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and of a petitioner's right to appeal this Court's Order. 28.U.S.C..§ 636(b)(1); Snyder v.

Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The R&R was mailed to the Petitioner on July 19, 2019. ECF No. 13. The Petitioner accepted service on July 24, 2019. ECF No. 14. Although the Petitioner requested and was granted an extension to file objections [see ECF Nos. 15, 16], the Petitioner timely filed his objections on August 8, 2019. ECF No. 17. Accordingly, this Court will review the portions of the R&R to which the Petitioner objects de novo.

## II. Background

On August 10, 2018, the Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Therein, the Petitioner challenges a sentence imposed by the United States District Court for the District of New Jersey. Specifically, the Petitioner asserts that he was erroneously sentenced as a career offender. The Petitioner argues that, following Mathis v. United States, his offense of conviction, bank robbery, is no longer a crime of violence. Therefore, the Petitioner argues that he should not have been subjected to the career offender enhancement. Accordingly, the Petitioner requests that this Court: (1) vacate his sentence; and (2) re-sentence him without the career offender enhancement.

## III. Applicable Law

Generally, a prisoner seeking to challenge the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district court of conviction. 28 U.S.C. § 2255; see United States v. Hayman, 342 U.S. 205, 216-17 (1952). Nevertheless,

2

pursuant to the "savings clause," a prisoner may challenge the validity of his conviction or sentence under 28 U.S.C. § 2241 if it appears that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Under Wheeler, a § 2255 motion is inadequate or ineffective to test the legality of a sentence when the following four conditions are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). If these four requirements are met, the savings clause is satisfied, and a prisoner may challenge the legality of his sentence under 28 U.S.C. § 2241. If any one of the requirements is not met, the court is deprived of jurisdiction and may not "entertain [the petition] to begin with." Id. at 425.

### IV. Analysis

In this case, Magistrate Judge Trumble found that the Petitioner cannot seek relief through the savings clause because the Petitioner knowingly waived his right to collateral review in his plea agreement. Citing In re Vial, Magistrate Judge Trumble stated that "[t]he law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar, (2) the prohibition against successive petitions, or (3) a procedural bar due

3

to failure to raise the issue on direct appeal." 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); see also Mahoney v. Francis, Case No. 3:05-CV-134, 2006 U.S. Dist. LEXIS 71465, at *2 (N.D.W. Va. Sept. 29, 2006) (holding that a § 2255 motion "must be inadequate or ineffective to test the legality of Petitioner's detention for reasons other than procedural waiver.").

In his objections, the Petitioner argues that his waiver of collateral review in unenforceable. Citing the Ninth Circuit Court of Appeals, the Petitioner argues that his right to challenge an illegal or unconstitutional sentence cannot be waived. See United States v. Torres, 828 F.3d 1113, 1124-25 (9th Cir. 2016). Citing the Sixth Circuit Court of Appeals, the Petitioner also argues that "he cannot waive a right that did not exist at the time he agreed to the waiver." United States v. McBride, 826 F.3d 293, 294-95 (6th Cir. 2016).

Although the Court finds that Magistrate Judge Trumble's summary of the law is true and correct, the Court need not decide whether the Petitioner's waiver in his plea agreement forecloses relief under the savings clause. See United States v. Surratt, 797 F.3d 240, 269 (4th Cir. 2015). Even if the Petitioner's waiver does not foreclose relief under the savings clause, the Petitioner cannot satisfy the fourth prong of Wheeler. Specifically, the Petitioner's sentence does not present an error sufficiently grave to be deemed a fundamental defect because misclassification as a career offender is only a fundamental defect if the sentencing occurred pre-Booker, when the sentencing guidelines were mandatory.

In Lester v. Flournoy, the Fourth Circuit held that Wheeler would not apply if the Petitioner had "been sentenced under the advisory Guidelines." 909 F.3d 708, 715 (4th

4

Cir. 2018). Because advisory guidelines "lack legal force" an erroneous advisory Guidelines classification is not a fundamental defect. Id. Accordingly, because the Petitioner in this case was sentenced under the post-Booker advisory guidelines, the misclassification as a career offender is not a fundamental defect. Therefore, the Petitioner cannot satisfy the fourth prong of Wheeler and he is not entitled to relief under the savings clause.

## V. Conclusion

For the reasons provided herein, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 13] should be, and is hereby, **ORDERED ADOPTED**. Therefore, the Petitioner's § 2241 Petition [ECF No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** August 9, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE